UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 07  2680**

----------------------------------------------------------------X

MARK RODRIGUEZ

    Plaintiff

FEUERSTEIN, J.

VERIFIED COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 02 2007 ★

BROOKLYN OFFICE

    -against-

KEYSPAN GAS EAST CORPORATION AND
KEYSPAN ENERGY DELIVERY LONG ISLAND

    Defendants

TOMLINSON, M.J.

----------------------------------------------------------------X

    Plaintiff MARK RODRIGUEZ by and through his attorney STANLEY FIDEL, complaining of the defendants as and for his Verified Complaint in the above entitled action upon information and belief respectfully shows to this court and alleges as follows:

## THE PARTIES

1. At all times mentioned herein the plaintiff MARK RODRIGUEZ was and is a resident of the City of Belleville, State of New Jersey; the plaintiff resides at 4 Canella Ct. Belleville, New Jersey

2. At all times mentioned herein KEYSPAN GAS EAST CORPORATION hereinafter referred to as GAS EAST is a domestic Corporation organized and existing under and by virtue of the laws of the State of New York, with its principal places of business at One Metro Tech Center Brooklyn, New York and 175 East Old Country Road, Hicksville New York.

3. At all times hereinafter mentioned the defendant KEYSPAN GAS EAST CORP was and still is involved with the manufacture, sale and distribution of natural gas through the

gas mains and gas pipes in the public streets of the town of Huntington Station, Suffolk County, State of New York.

4.. At all times hereinafter mentioned KEYSPAN GAS EAST CORP. manufactured, sold, and distributed natural gas through gas mains and gas pipes which KEYSPAN GAS EAST CORPORATION owned, controlled, operated, maintained, and specially used in the streets of the town of Huntington Station, New York adjacent to the Habberstad Nissan dealership located at 850 East Jericho Turnpike Huntington Station.

5. At all times mentioned herein KEYSPAN ENERGY DELIVERY LONG ISLAND hereinafter referred to as KEDLI is a domestic Corporation organized and existing under and by virtue of the laws of the State of New York.

6.. At all times hereinafter mentioned KEYSPAN ENERGY DELIVERY LONG ISLAND manufactured, sold, and distributed natural gas through gas mains and gas pipes which KEYSPAN ENERGY DELIVERY LONG ISLAND owned, controlled, operated, maintained, and specially used in the streets of the town of Huntington Station, New York adjacent to Habberstad Nissan dealership located at 850 East Jericho Turnpike Huntington Station.

7. At all times hereinafter mentioned KEDLI'S gas mains and pipes were laid in the public streets adjacent to Habberstad Nissan located at 850 East Jericho Turnpike Huntington Station.

8. At all times hereinafter mentioned GAS EAST and KEDLI are subsidiaries of KEYSPAN CORPORATION which upon information and belief is a holding company that shares common executive officers, tax returns, legal counsel, office space and expenses with the named defendants at One Metro Tech Center, Brooklyn, New York

9. At all times mentioned herein KEYSPAN CORPORATION as the parent corporation of GAS EAST and DEDLI doesn't own, control, or maintain the gas mains in the streets adjacent to Habberstad Nissan located at 850 East Jericho Turnpike Huntington Station.

10. At all times mentioned herein GAS EAST and KEDLI aren't controlled by KEYSPAN CORPORATION.

11. At all times mentioned herein GAS EAST has brought a lawsuit in KINGS COUNTY where it represented that its principal offices were in KINGS COUNTY.

## NATURE OF THE ACTION

12. On October 12, 2004. at approximately 3:45 P.M. the 38 year old plaintiff Mark Rodriguez was on the second floor of a Nissan car dealership at 850 East Jericho Turnpike- Huntington Station, New York. when a gas explosion took place.

13. The gas explosion destroyed and collapsed the Nissan car dealership building at 850 East Jericho Turnpike- Huntington Station, New York; causing MARK RODRIGUEZ to fall from the second floor to the first floor of the said building and to suffer permanent physical and mental injuries .

14. An investigation of the October 12, 2004 explosion made by the Suffolk County Police Department and the defendants showed that the aforementioned explosion was caused when gas leaking from a defective butt fuse in a gas pipe admittedly owned by the defendants ignited after the gas had seeped into the Habberstad Nissan Dealership building at 850 East Jericho Turnpike-Huntington Station, New York.

15. At all times mentioned herein the investigative report indicates that the gas had been leaking for a long time as bubbles were observed at the sight of the defective pipe which

was approximately 37 feet from the Habberstad Nissan Dealership building at 850 East Jericho Turnpike-Huntington Station, New York. (See attached Report).

16. At all times mentioned herein the defendants KEYSPAN GAS EAST CORPORATION AND KEYSPAN ENERGY DELIVERY LONG ISLAND manufactured, sold, and distributed natural gas through gas mains and pipes which the defendants owned, controlled, operated, maintained, and specially used in the Town of Huntington Station, New York

17. The defendants' negligence in failing to inspect, maintain, repair, operate and test the aforementioned gas main and gas pipes violated federal statutes 49 U.S.C. Part 192, 192.701 (MAINTENANCE) 192.703, The Natural Gas Act 15 U.S.C. 717, 717a and New York State statutes 16 NYCRR 255, Public Service Law Section 65 (1).

18. The violation of the aforesaid statutes is prima facie evidence that establishes the defendants liability to the plaintiff for the physical, psychological and property damages he has incurred.

## JURISDICTION AND VENUE

19. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 on the basis of diversity of citizenship, the amount in controversy being in excess of $75,000. . The plaintiff Mark Rodriguez is a resident of New Jersey. The defendants principal offices are located in Kings and Suffolk counties within the eastern district of this court.

20. This court also has jurisdiction over this action as it is alleged that the defendants violated federal statutes and law Parts 191, 192, 193 and 199 of Title 49 of the Code of

Federal Regulations. The Natural Gas Act 15 U.S.C. 717, 717a The Pipeline Safety Improvement Act of 2002, 49 U.S.C.Section 60101

21. Venue of this matter in the Eastern District of New York is proper pursuant to 28 U.S.C. 1391 in that the defendants have their principal corporate offices in the district of this court (Kings and Suffolk Counties); the explosion complained of took place within the district of this court (Suffolk County); the defendants maintain and supply gas to its customers in this district, the gas pipes involved in this accident are maintained in this courts district; KEYSPAN GAS EAST CORPORATION has a relationship with Kings County the location of this court; the latter defendant has commenced lawsuits in Kings County and upon information and belief shares office space with its parent KEYSPAN CORPORATION at One Metrotech Center, Brooklyn, New York. The plaintiff demands this case be tried by a jury.

## AS AND FOR A FIRST CAUSE OF ACTION
## IN NEGLIGENCE

22 The plaintiff repeats reinterates and realleges each and every allegation contained in paragraphs numbered 1-22 inclusive with the same force and effect as though set forth within.

23. At all times mentioned herein the defendants KEYSPAN ENERGY DELIVERY LONG ISLAND and KEYSPAN GAS EAST CORPORATION owed a duty to the public, and specifically the plaintiff to properly inspect, repair, maintain, properly construct its gas pipes and mains and to guard against any danger caused by them that could be anticipated in the exercise of reasonable care.

24. At all times mentioned herein the defendants had a duty to protect the public and specifically the plaintiff from any danger that might arise from the negligent maintenance

repair, construction, inspection of its gas mains and pipes, and its negligent handling and distribution of natural gas.

25. At all times mentioned herein the defendants their employees, servants, and agents negligently failed to maintain, test, operate and inspect and repair its gas mains and gas pipes which were located approximately 37 feet away from the front wall of Habberstad Nissan dealership building located at 850 East Jericho, Turnpike, Huntington Station, New York.

26. At all times mentioned herein the defendant KEYSPAN GAS EAST CORP'S and the defendant KEDLI'S gas mains and pipes were in a defective and dangerous condition, allowing gas to escape, seep and enter, into Habberstad Nissan dealership located at 850 East Jericho Turnpike, Huntington Station, New York and to explode thereafter.

27. Upon information and belief, for a long time prior to October 12, 2004, defendants their employees, servants, and agents had actual knowledge and notice of the dangerous and defective condition of its gas main and pipes located about 37 feet from the front wall of 850 East Jericho Turnpike, Huntington Station, New York.

28. At all times mentioned herein the defendants had constructive notice of the aforementioned dangerous and defective condition of the defendants' gas main and gas pipes in that the dangerous and defective condition of the gas main and pipes existed for a reasonable period of time prior to October 12, 2004 so that the defendants in the exercise of due care, should have discovered the defective gas pipe and repaired it.

29. At all times mentioned herein the defendants their employees, servants, and agents had actual notice that a defective Butt Fuse existed in its main gas pipe located

approximately 37 feet from 850 East Jericho Turnpike, Huntington Station, New York.

30. At all times mentioned herein the defendants their employees, servants, and agents had constructive notice that a defective Butt Fuse existed in its main gas pipe located approximately 37 feet from 850 East Jericho Turnpike, Huntington Station, New York..

31. At all times mentioned herein the defendants their employees, servants, and agents had actual notice that gas was leaking from its gas pipe located approximately 37 feet from 850 East Jericho Turnpike, Huntington Station, New York

32. At all times mentioned herein the defendants their employees, servants, and agents had constructive notice that gas was leaking from its gas pipe located approximately 37 feet from 850 East Jericho Turnpike, Huntington Station, New York

33. At all times mentioned herein the aforementioned defective "Butt Fuse"owned and maintained by the defendants caused gas to escape and enter the Habberstad Nissan dealership building located at 850 East Jericho Turnpike, Huntington Station, New York and explode.

34. On October 12, 2004 the plaintiff MARK RODRIGUEZ, was lawfully on the second floor of the aforementioned Habberstad Nissan dealership, when solely due to the defendants' negligence the gas which had escaped from the aforementioned defendant's defective butt fuse and broken gas main in the street entered the building and premises at 850 East Jericho Turnpike, Huntington Station, New York and exploded causing plaintiff to sustain physical and psychological injuries and to incur property damage.

35. As a consequence of the foregoing the plaintiff MARK RODRIGUEZ sustained serious and permanent bodily, emotional, and psychological injuries which required medical, psychological, physical therapy, hospital, care and treatment all to his monetary

damage and loss.

36. At all times mentioned herein the plaintiff's injuries were caused solely due to the negligence of the defendants without any negligence on the part of the defendant contributing thereto.

37. As a result of the foregoing the plaintiff demands judgment against the defendants in the sum of THREE MILLION ($3,000,000) DOLLARS together with the costs and disbursements of this action..

## AS AND FOR A SECOND CAUSE OF ACTION

38. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1-38 inclusive with the same force and effect as though set forth below.

39. At all times herein mentioned the defendants were acting as public utility corporations with a monopoly on the sale and distribution of natural gas in and around the vicinity of the aforementioned gas explosion.

40. At all times mentioned herein the defendants acted pursuant to authority granted by the people of the State of New York and the defendants were charged with the duty of providing gas services, natural gas distribution to the public in a safe and adequate manner.

41. At all times mentioned herein the defendants were negligent in failing to conduct leakage surveys in the area of the aforementioned gas leak.

42. At all times mention herein the defendants were negligent in failing to make and maintain Leak progression maps.


43. Pursuant to Public Service Law Section 65 the defendants were required to furnish and provide natural gas service, equipment, instruments and facilities in a manner which was safe, just and reasonable..

44. At all times mentioned herein the defendants violated Public Service Law Section 65 by not providing and furnishing to the public and specifically to the plaintiff the safe distribution of gas and safe pipes through which the natural gas was distributed.

45. At all times mentioned herein the defendants violated Public Service Law Section 65 of the State of New York by failing to make the proper tests, inspections, repairs of the defective gas pipe located approximately 37 feet from the premises at 850 East Jericho Turnpike, Huntington Station, New York

46 As a consequence of the aforementioned violations of Public Service Law Section 65 the plaintiff MARK RODRIGUEZ sustained serious and permanent bodily, emotional and psychological injuries which required medical, psychological, hospital, care and treatment all to his monetary damage and loss.

47. As a result of the aforementioned violations of Public Service Law Section 65 the defendants are strictly liable to the plaintiff and the plaintiff demands judgment against the defendants in the sum of THREE MILLION ($3,000,000) DOLLARS together with the costs and disbursements of this action.

AS AND FOR A THIRD CAUSE OF ACTION

48. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1-48 inclusive with the same force and effect as though set forth below.

49. At all times herein mentioned the defendants were acting as public utility

corporations with a monopoly on the sale and distribution of natural gas in and around the vicinity of the aforementioned gas explosion.

50. At all times mentioned herein the defendants acted pursuant to authority granted by United States Federal government and the defendants were charged with the duty of providing gas services, natural gas distribution to the public in a safe and adequate manner.

51. At all times mentioned herein the defendants violated 49 CFR 192.703 by failing to replace and or remove an unsafe segment of its pipeline pipe located approximately 37 feet from the premises at 850 East Jericho Turnpike, Huntington Station, New York

52. At all times mentioned herein the defendants violated 49 CFR 192.703 by failing to promptly repair a hazardous gas leak located approximately 37 feet from the premises at 850 East Jericho Turnpike, Huntington Station, New York

53. At all times mentioned herein the defendants' violated federal statutes and law Parts 191, 192, 193 and 199 of Title 49 of the Code of Federal Regulations. The Natural Gas Act 15 U.S.C. 717, 717a  The Pipeline Safety Improvement Act of 2002, 49 U.S.C.Section 60101 and were negligent in failing to provide natural gas service, equipment, instruments and facilities in a manner which was safe, just and reasonable..

54. At all times mentioned herein the defendants violated federal statutes and law Parts 191, 192, 193 and 199 of Title 49 of the Code of Federal Regulations. The Natural Gas Act 15 U.S.C. 717, 717a The Pipeline Safety Improvement Act of 2002, 49 U.S.C.Section 60101 by not providing and furnishing to the public and specifically to the plaintiff the safe distribution of gas and safe pipes through which the natural gas was

distributed.

55. At all times mentioned herein the defendants violated federal statutes and law Parts 191, 192, 193 and 199 of Title 49 of the Code of Federal Regulations. The Natural Gas Act 15 U.S.C. 717, 717a The Pipeline Safety Improvement Act of 2002, 49 U.S.C.Section 60101 by failing to make the proper tests, inspections, repairs of the defective gas pipe located approximately 37 feet from the premises at 850 East Jericho Turnpike, Huntington Station, New York

56 As a consequence of the foregoing the plaintiff MARK RODRIGUEZ sustained serious and permanent bodily, emotional and psychological injuries which required medical, psychological, hospital, care and treatment all to his monetary damage and loss. and propert damage

57. As a result of the aforementioned violations of federal statutes and law Parts 191, 192, 193 and 199 of Title 49 of the Code of Federal Regulations. The Natural Gas Act 15 U.S.C. 717, 717a The Pipeline Safety Improvement Act of 2002, 49 U.S.C.Section 60101 the defendants are strictly liable to the plaintiff and the plaintiff demands judgment against the defendants in the sum of THREE MILLION ($3,000,000) DOLLARS together with the costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

58. The plaintiff repeats reiterates and realleges each and every allegation contained in paragraphs numbered 1-57 with the same force and effect as if set forth below.

59 At all times mentioned herein the plaintiff had in his possession personal property, including but not limited to electrical and computer equipment, a camera, cell phone,

laptop, audio speaker, amplifier, palm pilot, and sales training material, programs and equipment.

60. As a consequence of the foregoing defendants negligence and resulting explosion the plaintiff MARK RODRIGUEZ sustained loss of his personal property and possessions.

61. At all times mentioned herein the loss of the plaintiff's personal property was due solely because of the defendants' negligence.

62. As a result of the defendants negligence the plaintiff lost personal property and possessions in the sum of approximately THIRTY FIVE THOUSAND ($35,000) DOLLARS.

63. As a result of the aforementioned, the plaintiff demands judgment against the defendants in the sum of THIRTY FIVE THOUSAND ($35,000) DOLLARS together with the costs and disbursements of this action.

WHEREFORE, the plaintiff demands judgment against the defendants on the First Cause of Action in the sum of THREE MILLION ($3,000,000) DOLLARS, furthermore the plaintiff demands judgment against the defendants on the Second Cause of Action in the sum of THREE MILLION ($3,000,000) DOLLARS; furthermore the plaintiff demands judgment against the defendants on the Third Cause of Action in the sum of THREE MILLION ($3,000,000) DOLLARS; furthermore the

plaintiff demands judgment against the defendants on the Fourth Cause of Action in the sum of THIRTY FIVE THOUSAND ($35,000) DOLLARS all together with the costs and disbursements of this action.

Dated New York, New York
      June 26, 2007

*Stanley Fidel*
STANLEY FIDEL Esq.
42 Broadway
Suite 1227
New York, New York 10004
212-587-9006

STATE OF NEW YORK
COUNTY OF NEW YORK

PLAINTIFF ATTORNEY'S AFFIRMATION

    I, the undersigned an attorney duly admitted to practice in the United States District Court Eastern District of New York state that I am the attorney of record in the within action ; I have read the Complaint and know the contents thereof; and the same is true to my own knowledge, except as to those matters therein stated to be upon information and belief; and as to those matters I believe it to be true. This verification is made by me and not the plaintiff because the plaintiff resides outside the County and State where I maintain my primary office. I affirm that the foregoing statements are true under penalties of perjury.

Dated: June 29, 2007

*Stanley Fidel*
STANLEY FIDEL

POLICE DEPARTMENT COUNTY OF SUFFOLK N.Y.

SUPPLEMENTARY REPORT

| CC NUMBER | CHARMAS | POST | CMD |
|---|---|---|---|
| 04-590705 | 2 | 3330 | 214 |

| DATE OF REPORT | DATE AND TIME OF OCCURRENCE |
|---|---|
| 10-20-04 | 10-12-04,   1548 hours |

| INCIDENT | STATUTE | PLACE OF OCCURRENCE | ☐ INSIDE ☐ OUTSIDE |
|---|---|---|---|
| Fire Investigation - Accidental | | 850 Route 25, Huntington Station, NY | |

| COMPLAINANT | PHONE | ADDRESS |
|---|---|---|
| Habberstad, Howard | 404-6400 | 850 Route 25, Huntington Station, NY |

DETAILS

INVESTIGATION REQUESTED BY: Chief John Glidden, Huntington Manor Fire Department.

DATE AND TIME ARRIVED AT SCENE: The undersigned Detective along with P.O. Rudek # 3367/3330/1, arrived at the scene on 10-12-04, at about 1620 hours.

TYPE OF PREMISES: A two story, concrete block commercial building. This building contained a full basement. Power to the structure came in overhead on the north east corner of the building into a 200 AMP Murray panel. Several sub panels were also located in the basement. The heat plant was an oil fired American boiler. The hot water heater was a John Wood, 240 volt electric heater. Located next to the boiler was a Whirlpool stackable electric washer & dryer. All of these items were intact. The foundation of the basement was also concrete block not poured. According to the building's owner, dry wells were located beneath the basement floor.

OWNER: Howard Habberstad Jr.,

OCCUPANTS:
1) Dominick Penna,
   199 Milligan Road
   West Babylon,
2) Maryellen Schneider,
   6 Premier Court
   Nesconset, NY
3) Jason Menagio,
   83 Roxbury Drive
   Commack, NY
4) Thomas Kearney,
   1023 Main Street
   Port Jefferson, NY
5) Diane Leonello,
   13 Roberta Lane
   Commack, NY

CERTIFIED
CENTRAL RECORDS SECTION
SUFFOLK COUNTY POLICE DEPARTMENT

| FOUNDED | CASE STATUS | WHEN APPLICABLE CHECK AND ENTER ON REVERSE |
|---|---|---|
| ☒ YES  ☐ NO | ☐ ACTIVE  ☐ CLEARED BY ARREST  ☒ CLOSED NON-CRIMINAL  ☐ PENDING  ☐ EXCEPTIONALLY CLEARED | ☐ RECLASSIFICATION OF INCIDENT  ☐ STOLEN OR RECOVERED PROPERTY |

NOTE: BOTH T.T. MESS. NO'S WITH DATES MUST BE OBTAINED & ENTERED BY COMMAND REPORTING THE RECOVERY OF STOLEN AND/OR LOST PROPERTY.

| T.T. MESS. NO. REPORTING THE STOLEN AND OR LOST PROPERTY | DATE SENT | T.T. MESS. NO. CANCELLING ABOVE T.T. MESS. NO. | DATE CANCELLED |
|---|---|---|---|
| | | | |

| REPORTING OFFICER'S SIGNATURE | SUPERVISOR'S SIGNATURE |
|---|---|
| James F. Dove, Det. 973/3330/1 | George D. White, D/Sgt. 562/3330/1   op |

PDCS 1084C      53-274..7/91co

| C.C. NUMBER | DATE OF REPORT | COMMAND |  | POLICE DEPARTMENT, COUNTY OF SUFFOLK, N.Y. |
|---|---|---|---|---|
| 04-590705 | 10-20-04 | 3330 | | CONTINUATION REPORT |
| PAGE NO. 2 OF 4 PAGES | | | | |

DISTRIBUTION: Same as Initial Report.

OCCUPANTS (CONT.): 
6) Rawtie Dallo, 
517 A E. Jericho Turnpike
Huntington Station, NY
7) Thomas Guemans,
121 Central Avenue
Deer Park, NY
8) Tywan Johnson,
30 Ulster Street
North Babylon, NY
9) Mark Rodriguez,
4 Canella Court
Belleville, NJ

INSURANCE: Universal Underwriters Insurance Company, Policy # 166524.

FACTS: On 10-12-04, at about 1547 hours, numerous phone reports of an explosion were called into 911 reporting an explosion at Habberstad Nissan, located at 850 East Jericho Turnpike, Huntington Station. The Huntington Manor Fire Department responded to the scene with a mutual aid from Dix Hills Fire Department, Greenlawn Fire Department, Melville Fire Department and East Northport Fire Department. The Arson Squad was requested to respond to the scene.

PHYSICAL INVESTIGATION OF FIRE SCENE: Upon arriving at the scene, the entire building at 850 East Jericho Turnpike, Habberstad Nissan, had collapsed. Rescue efforts were underway. At this time the undersigned Detective along with Detectives Pruyn, Drake, O'Connor, and Rudek, along with D/Sgt. White, began gathering information from witnesses at the scene. It was soon brought to the attention of the undersigned Detective that there had been a video camera located on the main floor of the building's interior. The undersigned Detective viewed this video and observed what appeared to be an explosion originating from the basement. It is evident from the video there is an increase in pressure which causes the basement door to open followed by a rapidly expanding flame front. The video then goes blank. The video recorder receiver had been in the main building, which had been undamaged. The collapsed building was the used car area of the dealership. This explosion pushed out the walls of the building, causing it to collapse. This "pushing" type damage is a common signature of a lower-order gas explosion. Nine people listed above, had become trapped in the building, all were rescued. All nine people were transported to Huntington Hospital for treatment. Once rescue efforts had been completed a scene investigation was conducted. The undersigned Detective inquired as to whether or not there was natural gas service to the collapsed building. The undersigned Detective was advised that there was no gas service to the collapsed building. This building contained an oil heat system. However, a gas main was located underground directly in front of the building approximately 37' away from the front wall of the collapsed building. While standing in the road in front of the scene, the undersigned observed a puddle that had formed in front of the curb directly in front of the collapsed building. The undersigned Detective noticed bubbles as if the water was boiling, however the water was cold. Keyspan Gas, whose representatives were at the scene of this incident, ordered the gas shut off in this area. At this time, the bubbling stopped. Keyspan employees then began taking readings using underground probes to

CENTRAL RECORDS SECTION
SUFFOLK COUNTY POLICE DEPARTMENT

| REPORTING OFFICER | SUPERVISOR | DATE |
|---|---|---|
| James F. Dove, Det. 973/3330/1 | George D. White, D/Sgt. 562/3330/1  op | 12/12/04 |

PDCS 1083a

| C.C. NUMBER | DATE OF REPORT | COMMAND | POLICE DEPARTMENT, COUNTY OF SUFFOLK, N.Y. |
|---|---|---|---|
| 04-590705 | 10-20-04 | 3330 | CONTINUATION REPORT |
| PAGE NO. 3 OF 4 PAGES | | | |

DISTRIBUTION: Same as Initial Report.

PHYSICAL INVESTIGATION OF FIRE SCENE (CONT.): determine where there was natural gas present. After taking several readings, Keyspan employees began to excavate the entire gas main approximate to the area of the highest reading. As they began digging the dirt was soft. As they got closer to the main, the ground became hard, almost concrete like. It was explained to the undersigned Detective by Keyspan Quality Control Specialist, Steve Sebastopoli, that the hardening of the soil was a result of the gas leak and was referred to as a Ball. The hardening of the soil was a result of the natural gas taking the moisture out of the soil. Sebastopoli, also stated that this was an indication of a long term leak which had not occurred just recently. Once the excavation was completed, a section of the main was exposed. This main was comprised of non metallic pipe and according to Sebastopoli had been installed in 1987. It was explained to the undersigned Detective by Steve Sebastopoli, that the process in which this pipe is fused together consisted of first cutting the ends of the pipe perfectly square. The ends are then heated to a specific temperature, at this temperature, the ends are forced together creating a bead. This bead must be at least 1/8" of an inch thick where the pipe is fused. Sebastolpoli then inspected the excavated pipe. He stated to the undersigned Detective and Det. Pruyn, that he had found a problem at a pipe fusion. In sum and substance, he stated he had found a section of bead missing at the fusion, approximately 1 inch in length on the underside of the pipe, and was the location of the leak. Sebastopoli described this problem as a bad "Butt Fuse", and that there was a failure of the plastic fuse, because there was less of a roll, which is less of a bead, on the bottom of the pipe than on the top. The area of missing bead was shown to the undersigned Detective and Det. Pruyn. When a soap solution was poured on this section, a large distinct bubble formed. Sebastopoli explained that this was indicative of a gas leak. This section of pipe was photographed while it was still connected by the SCPD Crime Scene Section, with the aid of a mirror as the leak was on the underside of the pipe. This section of pipe was then removed by Keyspan employees and was again photographed with the section of missing bead on top. At this time, excavation of the building began. An excavator was used to pull the remnants of the building out of the basement. After several hours, most of the top two floors had been removed. The undersigned Detective and Det. Pruyn, watched the excavation and nothing unusual was observed in the debris. Once the basement was exposed, it was apparent to the undersigned Detective that there was very little sign of fire damage in the basement. The only fire damage noted was to the sill plate on the northwest corner of the building. This area of the building was closest to the gas main leak. The building's electrical system, located in the basement was intact and undamaged by fire. The building's heat plant, an American oil fired boiler was undamaged. However the face plate was missing and the boilers wiring was exposed. The water heater, a 240 volt John Wood water heater was undamaged. A Whirlpool washer and dryer was also located in the basement and was undamaged. The lack of fire damage within the basement is also indicative of a natural gas explosion, with a fuel air mixture near the lower explosive limit.

Keyspan employees took more gas readings primarily at the foundation of the building at 2300 hours, about 6 hours after the explosion. The gas reading at the building's foundation was 87%. The building's foundation was concrete block. The northwest corner of the foundation had some void spaces where it appeared some block had been removed at the top of the wall. These voids provided an entry point for the migrating natural gas to enter the building's basement. There were also several different possible ignition sources located in the basement. Also apparent to the undersigned Detective was the fact that the area between the gas main leak and the building was completely covered by black top and concrete. This resulted in the leaking gas having migrated laterally rather than horizontally.

CERTIFIED
CENTRAL RECORDS SECTION
SUFFOLK COUNTY POLICE DEPARTMENT

| REPORTING OFFICER | SUPERVISOR | DATE |
|---|---|---|
| James F. Dove, Det. 973/3330/1 | George D. White, D/Sgt. 562/3330/1  op | 12/12/04 |

| C.C. NUMBER | DATE OF REPORT | COMMAND |  | POLICE DEPARTMENT, COUNTY OF SUFFOLK, N.Y. |
|---|---|---|---|---|
| 04-590705 | 10-20-04 | 3330 | | CONTINUATION REPORT |
| PAGE NO. 4 | OF 4 | PAGES | | |

DISTRIBUTION: Same as Initial Report.

PHYSICAL EVIDENCE: A gallon can containing a soil sample to be analyzed for the presence of natural gas.

PHOTOS: Taken by Crime Scene Officers and are part of this case.

CONCLUSION: Based upon the above scene investigation and interviews, it is the opinion of the undersigned Detective that this explosion and building collapse was the result of the gas main leak resulting in natural gas migrating into the basement of the above mentioned building and being ignited by an undetermined source. There were multiple sources of electrical sparks within the basement. Therefore, this explosion shall be classified as ACCIDENTAL, CLOSED NON CRIMINAL.

CERTIFIED
CENTRAL RECORDS SECTION
SUFFOLK COUNTY POLICE DEPARTMENT

| REPORTING OFFICER | SUPERVISOR | DATE |
|---|---|---|
| James F. Dove, Det. 973/3330/1 | George D. White, D/Sgt. 562/3330/1   op | 12/02/04 |
| PDCS 1083a | | 53-273..7/91ca |